UNITED STATES of America, Plaintiff—Appellee,

v.

Patrick Louis ASTORE, aka Patrick Bedsaul, Defendant—Appellant.

No. 01–30331.

D.C. No. CR–00–00016–RCT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM *

Patrick Louis Astore ("Astore") appeals the concurrent 108–month sentences imposed following his guilty plea to one count of receipt of child pornography and one count of possession of child pornography. We review de novo a district court's interpretation and application of the Sentencing Guidelines, *United States v. Johnson,* 297 F.3d 845, 867 (9th Cir.2002), and we affirm.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Astore argues that the district court's five-point enhancement for a pattern of activity under U.S.S.G. § 2G2.2(b)(4) is impermissible double counting because his past convictions for sexual abuse of minors were already accounted for in his criminal history category and led to the imposition of a statutorily mandated minimum sentence under 18 U.S.C. § 2252A(b)(1). "Impermissible double counting occurs *only* when *one part of the Guidelines* is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of *another part of the Guidelines.*" *United States v. Martin,* 278 F.3d 988, 1004 (9th Cir.2002) (quoting *United States v. Alexander,* 48 F.3d 1477, 1492 (9th Cir. 1995)) (emphases added). Mandatory minimum sentences do not create impermissible double counting because they are statutorily imposed and not a part of the Guidelines.

Additionally, the application note to U.S.S.G. § 2G2.2 specifically provides that "[p]rior convictions taken into account under subsection (b)(4) [pattern of activity enhancement] are also counted for purposes of determining criminal history points." U.S. Sentencing Guidelines Manual § 2G2.2, cmt. n. 2 (2000). The district court properly applied a five-level enhancement for pattern of activity, and no impermissible double counting occurred.

Astore also argues that his offenses should have been grouped pursuant to U.S.S.G. § 3D1.2(b). In light of our decision upholding the enhancement, this Court need not reach the grouping issue because it has no effect on Astore's total offense level or sentence.

AFFIRMED.